```
 1  MARC J. FAGEL (Cal. Bar No. 154425)
    MARK P. FICKES (Cal. Bar No. 178570)
 2    fickesm@sec.gov
    SUSAN F. LAMARCA (Cal. Bar No. 215231)
 3    lamarcas@sec.gov
    VICTOR HONG (Cal. Bar No. 165938)
 4    hongv@sec.gov

 5  Attorneys for Plaintiff
    SECURITIES AND EXCHANGE
 6  COMMISSION
    44 Montgomery Street, Suite 2600
 7  San Francisco, California 94104
    Telephone: (415) 705-2500
 8  Facsimile: (415) 705-2501
```

FILED
CLERK, U.S. DISTRICT COURT
NOV 25 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES P. TRIGILIO,<br><br>    Defendant,<br><br>and<br><br>RAZEL TRIGILIO,<br><br>    Relief Defendant. | Civil Action No. CV07-06269 CAS (AGRx)<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT CHARLES P. TRIGILIO |

[~~PROPOSED~~] **FINAL JUDGMENT AS TO**

**DEFENDANT CHARLES P. TRIGILIO**

The Securities and Exchange Commission having filed a Complaint and

Defendant Charles P. Trigilio ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this

action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1     (a)   employing any device, scheme, or artifice to defraud any client or prospective client;

2     (b)   engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: November 25, 2008

*Christina A. Snyder*
Honorable Christina A. Snyder
United States District Judge